# 13 CV 7842

## JUDGE KARAS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES STUAD

              Petitioner/Plaintiff,

       -against-

DETECTIVE PASQUALE DEBENEDICTIS,
SERGEANT ROBERT BARNETT, P.O. DONALD
ARHENBERG AND TOWN OF NORTH CASTLE,

              Respondents/Defendants,

**NOTICE OF REMOVAL**

Index No: 67485/2013

       Defendants, Detective Pasquale DeBenedictis, Sergeant Robert Barnett, and P.O. Donald Arhenberg, by its attorneys, SOKOLOFF STERN LLP, as and for its Notice of Removal, set forth as follows:

      1.    This action was commenced in the Supreme Court of the State of New York, County of Westchester, against defendants Detective Pasquale DeBenedictis, Sergeant Robert Barnett, and P.O. Donald Arhenberg, and Town of North Castle. A copy of the Summons with Notice is annexed hereto as Exhibit "A". No further proceedings have been had in this action.

      2.    Plaintiffs bring this action, among other grounds, under federal law pursuant to 42 U.S.C. § 1983, claiming that defendants' actions violated their rights pursuant to the Fourth and Fourteenth Amendments of United States Constitution.

      3.    This case, therefore, falls within this Court's federal question jurisdiction, 28 U.S.C. § 1331. Defendant is entitled to remove this action, pursuant to 28 U.S.C. § 1441(b), which provides, in pertinent part:

                         Any civil action of which the district courts have
                         original jurisdiction founded on a claim or right
                         arising under the Constitution, treaties or laws of

the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest property joined and served as defendants is a citizen of the State in which such action is brought.

4.    Donald Frum, attorney for the Town of North Castle, has consented to this removal.

5.    Defendants first received notice of this lawsuit on or about October 28, 2013.

**WHEREFORE**, defendants pray that the above-captioned proceeding, now pending in the Supreme Court of the State of New York, County of Westchester, be removed therefrom to this Court.

Dated: Westbury, New York
        November 1, 2013

SOKOLOFF STERN LLP
*Attorneys for Defendants*
*Detective    Pasquale    DeBenedictis,*
*Sergeant Robert Barnett, and P.O. Donald*
*Arhenberg*

By: _____
     BRIAN S. SOKOLOFF
     GARRY T. STEVENS JR.
     179 Westbury Ave.
     Carle Place, New York 11514
     (516) 334-4500
     File No. 130130

*Gambeski*
WHITEMAN & FRUM
*Attorneys for Defendant*
*Town of North Castle*

By: _____
     DONALD FRUM
     565 Taxter Rd.
     Elmsford, NY 10523
     (914) 347-5522

TO:    Joseph A. Maria, Esq.
       Joseph A. Maria, PC
       301 Old Tarrytown Road
       White Plains, NY 10603
       White Plains, NY 10601

2

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                                 ss:

COUNTY OF NASSAU     )

         LINDA KNOX, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Nesconset, New York.

         That on November 1, 2013, deponent served the within **NOTICE OF REMOVAL** upon:

Joseph A. Maria, Esq.
Joseph A. Maria, PC
301 Old Tarrytown Road
White Plains, NY 10603

At the address designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

LINDA KNOX

Sworn to before me on
November 1, 2013

NOTARY PUBLIC

NICOLE BIUSO
Notary Public, State of New York
No. 01BI6266266
Qualified in Suffolk County
Commission Expires 7/23/2016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

**Index No.:** 67485/2013

----------------------------------------------------------x

JAMES STEAD,

PLAINTIFF,

-against-

DETECTIVE PASQUALE DeBENEDICTIS, SERGEANT
ROBERT BARNETT, P.O. DONALD AHRENBERG and
TOWN OF NORTH CASTLE,

DEFENDANTS.

----------------------------------------------------------x

# Summons

The Plaintiff designates Westcheter
as the County for trial.

The basis of the venue is:

Plaintiff resides at:
1620 Hall Avenue
White Plains, NY 10604

To the above named Defendants:

𝔜𝔬𝔲 𝔞𝔯𝔢 𝔥𝔢𝔯𝔢𝔟𝔶 𝔰𝔲𝔪𝔪𝔬𝔫𝔢𝔡 to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's Attorney within **twenty (20)** days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: White Plains, New York
  October 15, 2013

Yours, etc.,
JOSEPH A. MARIA, P.C.
By: _____
  Joseph A. Maria, Esq.
Attorney for Plaintiff
301 Old Tarrytown Road
White Plains, NY 10603
Tel: 914-684-0333
File No.: 01-2144

TO:  Detective Pasquale DeBenedictis
  Town of North Castle Police Department
  15 Bedford Road
  Armonk, NY 10504

  Sergeant Robert Barnett
  Town of North Castle Police Department
  15 Bedford Road
  Armonk, NY 10504

  P.O. Donald Ahrenberg
  Town of North Castle Police Department
  15 Bedford Road
  Armonk, NY 10504

Town of North Castle
980 N. Broadway
White Plains, NY 10603

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------X          NYSCEF

JAMES STEAD,
                                                                       Index No. 67485/2013

                                        PLAINTIFF        .             VERIFIED
                                                                       COMPLAINT

            -against-

DETECTIVE PASQUALE DeBENEDICTIS, SERGEANT
ROBERT BARNETT, P.O. DONALD AHRENBERG and
TOWN OF NORTH CASTLE,

                                        DEFENDANTS.

------------------------------------------------------------X

        Plaintiff, JAMES STEAD, by his attorneys, JOSEPH A. MARIA, P.C.,

respectfully alleges, upon information and belief:

        **FIRST:**      This action is brought to recover compensatory damages against the

defendant Town of North Castle and compensatory damages as well as punitive damages

against the defendants Detective Pasquale DeBenedictis, Sergeant Robert Barnett and

P.O. Donald Ahrenberg for committing acts under the color of law which deprived the

plaintiff JAMES STEAD of rights secured by the Constitution and laws of the United

States and State of New York. At all times hereinafter mentioned Plaintiffs, JAMES

STEAD, was and continues to be a resident of the State of New York, County of

Westchester.

        **SECOND:**     At all times hereinafter mentioned Defendant Town of North

Castle (hereinafter referred to as Defendant Town) was and continues to be a municipal

corporation formed under and existing by virtue of New York State law.

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

-----------------------------------------------------------------x

JAMES STEAD

                                    Plaintiff/Petitioner,

OCT 17 2013

TOWN OF NORTH CASTLE, N.Y.

- against -

Index No. 67485/2013

DETECTIVE PASQUALE DeBENEDICTIS, SERGEANT
ROBERT BARNETT, P.O. DONALD AHRENBERG AND
TOWN OF NORTH CASTLE,

                                    Defendant/Respondent.

-----------------------------------------------------------------x

# NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@courts.state.ny.us.

Dated: 10/16/13

_____ (Signature)

Joseph A. Maria, Esq.     (Name)

JOSEPH A. MARIA, P.C.      (Firm Name)

301 Old Tarrytown Road _____ (Address)

White Plains, New York 10603

914 684-0333 _____ (Phone)

jmariapc@optonline.net (E-Mail)

To: Detective Pasquale De Benedictis
    Town of North Castle Police Dept.
    15 Bedford Road
    Armonk, New York 10504

    Town of North Castle
    15 Bedford Road

Sgt. Robert Barnett
Town of North Castle
 Police Department
15 Bedford Road
Armonk, NY 10504

P.O. Donald Ahrenberg
Town of North Castle
 Police Department
15 Bedford Road
Armonk, NY 10504

**THIRD:** Defendant Detective Pasquale DeBenedictis is a natural person, and upon information and belief, a detective employed by Defendant Town of North Castle.

**FOURTH:** Defendant Sergeant Robert Barnett ("Sgt. Barnett") is a natural person and, upon information and belief, a sergeant employed by Defendant Town.

**FIFTH:** Defendant P.O. Donald Ahrenberg ("P.O. Ahrenberg") is a natural person and, upon information and belief, a police officer employed by Defendant Town.

**SIXTH:** On April 14, 2013 the Plaintiffs served a Notice of Claim upon the Defendant Village.

**SEVENTH:** Said Notice of Claim was in the form and served within the time and in the manner required by Sections 50-e and 50-i of the New York State General Municipal Law.

**EIGHTH:** On July 17, 2013, the Plaintiff appeared for a General Municipal Law Section 50-h Examination.

**NINTH:** More than thirty (30) days have elapsed since the service of the Plaintiffs' Notice of Claim and the Defendant Town has neglected or refused to adjust or make payment to them.

**TENTH:** At all times mentioned in this complaint the Defendant Detective Pasquale DeBenedictis was and continues to be employed by the Defendant Town as a Police Officer assigned to its Police Department. He is being sued in both his individual and official capacity as a Town of North Castle Police Officer/Detective.

**ELEVENTH:** At all times mentioned in this complaint the Defendant Sergeant Robert Barnett was and continues to be employed by the Defendant Town as a Sergeant

assigned to its Police Department. He is being sued in both his individual and official capacity as a Town of North Castle Police Officer/Detective.

TWELFTH: At all times mentioned in this complaint the Defendant P.O. Donald Ahrenberg was and continues to be employed by the Defendant Town as a Police Officer assigned to its Police Department. He is being sued in both his individual and official capacity as a Town of North Castle Police Officer/Detective.

THIRTEENTH: Upon information and belief the Defendant Town was negligent in the hiring, continued employing, training, disciplining and supervising of the Defendant Police Officers.

FOURTEENTH: In the morning of July 21, 2011, Defendant Detective Pasquale DeBenedictis, acting both personally and in his official capacity as a detective of Defendant Town, and under color of the laws of the State of New York, arrested Plaintiff James Stead (the "Arrest") and caused him to be placed in the custody of the Defendant Town (the "Imprisonment") on the misdemeanor charge of Reckless Endangerment -2nd Degree under N.Y. Penal Law §120.20 and the misdemeanor charge of Assault 3rd Degree: Recklessly Cause Physical Injury under N.Y. Penal Law §120.00(02) (the "Offenses").

FIFTEENTH: The Arrest was made without a warrant.

SIXTEENTH: The Arrest was based on information provided by Defendants Sgt. Barnett and P.O. Ahrenberg who reported an incident that occurred on July 6, 2011 concerning Plaintiff James Stead and his neighbor, Thomas Pacicca.

SEVENTEENTH: Defendants had knowledge of Thomas Pacicca based on numerous prior complaints and incidents having been reported without basis.

3

**EIGHTEENTH:**   Defendants relied upon statements made by Thomas Pacicca who was known to them as being unreliable.

**NINETEENTH:**   Upon information and belief, acting both personally and in his capacity as a detective of Defendant Town with supervisory authority, and under color of the laws of the State of New York, Detective DeBenedictis ordered, authorized, or ratified the Arrest and the Imprisonment.

**TWENTIETH:**   Upon information and belief, acting both personally and in his capacity as a sergeant of Defendant Town with supervisory authority, and under color of the laws of the State of New York, Defendant Sergeant Robert Barnett ordered, authorized, or ratified the Arrest and the Imprisonment.

**TWENTY-FIRST:** Upon information and belief, acting both personally and in his capacity as a police officer of Defendant Town, and under color of the laws of the State of New York, P.O. Donald Ahrenberg ratified the Arrest and the Imprisonment.

**TWENTY-SECOND:**  Plaintiff James Stead had not committed the Offenses and Defendants Detective Pasquale DeBenedictis, Sgt. Barnett, and P.O. Ahrenberg lacked any basis in fact to believe he had.

**TWENTY-THIRD:** Defendant Detective Pasquale DeBenedictis lacked probable cause to effect the Arrest and the Imprisonment.

**TWENTY-FOURTH:** Defendant Detective Pasquale DeBenedictis lacked probable cause to order, authorize or ratify the Arrest and the Imprisonment.

**TWENTY-FIFTH:**   Defendant Sergeant Robert Barnett lacked probable cause to order, authorize or ratify the Arrest and the Imprisonment.

**TWENTY-SIXTH:** Defendant P.O. Ahrenberg lacked probable cause to ratify the Arrest and the Imprisonment.

**TWENTY-SEVENTH:** Upon information and belief, Defendants Detective Pasquale DeBenedictis, Sgt. Barnett, and P.O. Ahrenberg knew, or were reckless in failing to know, the Arrest and the Imprisonment were not grounded in probable cause, and constituted violations of civil rights guaranteed to Plaintiff by the Fourth and Fourteenth Amendments to the United States Constitution.

**TWENTY-EIGHTH:** Defendants Detective Pasquale DeBenedictis, Sgt. Barnett, and P.O. Ahrenberg initiated a criminal prosecution (the "Prosecution") against Plaintiff James Stead by preparing, or causing to be prepared, two accusatory instruments (the "Accusatory Instruments") which charged him with the Offenses, and by submitting them, or by causing them to be submitted, to the Office of the District Attorney of the county of Westchester for filing with the Town of New Castle Justice Court.

**TWENTY-NINTH:** Copies of the Accusatory Instruments are annexed as Exhibit A, and made a part hereof.

**THIRTIETH:** Defendants Detective Pasquale DeBenedictis, Sgt. Barnett, and P.O. Ahrenberg lacked probable cause to initiate the Prosecution.

**THIRTY-FIRST:** Defendants Detective Pasquale DeBenedictis, Sgt. Barnett, and P.O. Ahrenberg knew, or were reckless in failing to know, they lacked probable cause to initiate the Prosecution.

**THIRTY-SECOND:** Plaintiff James Stead remained in the custody of Defendant Town until he was arraigned before Town of New Castle Justice Court on the Accusatory Instruments, and then released by that court on his own recognizance.

THIRTY-THIRD:       From the moment of the Arrest until his release from custody at the conclusion of his arraignment, Plaintiff James Stead was detained and confined against his will, and he was aware of his detention and confinement.

THIRTY-FOURTH:       From the moment of the Arrest until the dismissal of the charges, Plaintiff James Stead was deprived of his firearms which were confiscated.

THIRTY-FIFTH:       The Prosecution continued until January 22, 2013 when the Town of New Castle Justice Court, on Plaintiff James Stead's motion, dismissed the Accusatory Instruments and issued an Order of Protection in favor of the Plaintiff and against Thomas Pacicca.

THIRTY-SIXTH:       As a direct and proximate result of the Arrest, the Imprisonment and the Prosecution, Plaintiff James Stead suffered damage including, but not limited to, loss of liberty, loss of reputation, shame, humiliation, mental and emotional pain and suffering, loss of enjoyment of life, and loss of firearms

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS DETECTIVE PASQUALE DeBENEDICTIS, SERGEANT ROBERT BARNETT AND P.O. DONALD AHRENBERG
### Deprivation of Civil Rights – 42 U.S.C. § 1983

THIRTY-SEVENTH:       Plaintiff repeats and realleges each and every allegation of paragraphs "First" through "Thirty-Sixth".

THIRTY-EIGHTH:       Plaintiff James Stead had the right, under state law and federal law, including the Constitution of the United States, to be free of unreasonable seizure of his person and interference within his liberty by officers and agents of governmental entities including those of Defendants North Castle.  More specifically, Plaintiff James Stead had the right to be free of the Arrest, the Imprisonment and the Prosecution, in the absence of probable cause to believe he had committed the Offenses.

6

**THIRTY-NINTH:** Further, the Arrest, the Imprisonment, and the Prosecution were objectively unreasonable, shocking and outrageous, as they were effected by Defendant Detective Pasquale DeBenedictis, Sergeant Robert Barnett, and P.O. Donald Ahrenberg in knowing an intentional violation of Ackerson's Civil Rights, or in deliberate or grossly negligent indifference to those rights.

**FORTIETH:** The conduct of Defendants Detective Pasquale DeBenedictis, Sergeant Robert Barnett, and P.O. Donald Ahrenberg alleged herein unlawfully deprived Plaintiff James Stead of Civil rights guaranteed by the United States Constitution and federal law including, without limitation, his procedural and substantive rights to due process, guaranteed by the Fourteenth Amendment of the United States Constitution, and his right to be free of unreasonable seizure, guaranteed by the Fourth Amendment, made applicable here by the Fourteenth Amendment of the United States Constitution.

**FORTY-FIRST:** By reason of the foregoing Defendants Detective Pasquale DeBenedictis, Sergeant Robert Barnett, and P.O. Donald Ahrenberg are jointly and severally liable to Plaintiff James Stead under 42 U.S.C. § 1983 for damages resulting from the Arrest, the Imprisonment and the Prosecution.

<u>AS AND FOR A SECOND CAUSE OF ACTION</u>
<u>AGAINST DEFENDANT TOWN OF NORTH CASTLE</u>
<u>Deprivation of Civil Rights – 42 U.S.C. § 1983 (Monell)</u>

**FORTY-SECOND:** Plaintiff repeats and realleges each and every allegation of paragraphs "First" through "Forty-First".

**FORTY-THIRD:** Upon information and belief, Defendant Town of North Castle failed to train and/or supervise subordinate employees or staff, including Defendants Detective Pasquale DeBenedictis, Sergeant Robert Barnett, and P.O. Donald

7

Ahrenberg, to avoid committing the types of civil rights violations which took place in this case. Said violations were reasonably foreseeable, and said failures amounted to knowing, deliberate, or grossly negligent indifference to them.

FORTY-FOURTH:   Upon information and belief, the civil rights violations which occurred in this case, or violations which are materially similar, have been committed in other cases by other police officers.

FORTY-FIFTH:   By reason of the foregoing, Defendant Town of North Castle is jointly and severally liable to Plaintiff James Stead under 42 U.S.C. § 1983 for damages resulting from its failures to train and supervise.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS DETECTIVE PASQUALE DEBENEDICTIS, SERGEANT ROBERT BARNETT, P.O. DONALD AHRENBERG AND TOWN OF NORTH CASTLE
### False Arrest and Imprisonment

FORTY-SIXTH:   Plaintiff repeats and realleges each and every allegation of paragraphs "First" through "Forty-Fifth".

FORTY-SEVENTH:   A Notice of Claim, complying with the requirements of New York General Municipal Law § 50-e, with respect to the matters alleged in this Complaint, was duly served within 90 days of their occurrence.

FORTY-EIGHTH:   More than thirty (30) days have elapsed since the service of the Notice of Claim, and adjustment or payment of the claims therein have been neglected or refused.

FORTY-NINTH:   An examination of Plaintiff James Stead pursuant to New York General Municipal Law § 50-h was held and completed.

8

**FIFTIETH:** Defendants are jointly and severally liable to Plaintiff James Stead for his false Arrest and imprisonment.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS DETECTIVE PASQUALE DEBENEDICTIS, SERGEANT ROBERT BARNETT, P.O. DONALD AHRENBERG AND TOWN OF NORTH CASTLE
### Malicious Prosecution

**FIFTY-FIRST:** Plaintiff repeats and realleges each and every allegation of paragraphs "First" through "Fiftieth".

**FIFTY-SECOND:** In causing the Prosecution, Defendants acted maliciously, in intentional, deliberate or reckless disregard of Plaintiff James Stead's rights, for the purposes of harassing, intimidating, coercing, and embarrassing him, of inflicting emotional pain and distress upon him, and of otherwise causing him injury.

**FIFTY-THIRD:** Defendants are jointly and severally liable to Plaintiff James Stead for malicious prosecution.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

a. On the First Cause of Action against Defendants Detective Pasquale DeBenedictis, Sergeant Robert Barnett, P.O. Donald Ahrenberg in an amount which exceeds the jurisdictional limits of all Lower Courts together with legal fees, costs, and disbursements of this action; and

b. On the Second Cause of Action against Defendant Town of North Castle in an amount which exceeds the jurisdictional limits of all Lower Courts together with legal fees, costs, and disbursements of this action; and

c. On the Third Cause of Action against Defendants Detective Pasquale DeBenedictis, Sergeant Robert Barnett, P.O. Donald Ahrenberg and Town

9

of North Castle in an in an amount which exceeds the jurisdictional

limits of all Lower Courts together with legal fees, costs, and

disbursements of this action; and

d.   On the Fourth Cause of Action against Defendants Detective Pasquale

DeBenedictis, Sergeant Robert Barnett, P.O. Donald Ahrenberg and Town

of North Castle in an amount which exceeds the jurisdictional limits of all

Lower Courts together with legal fees, costs, and disbursements of this

action; and

e.   Awarding Plaintiff interest, the costs and disbursements of this action, and

such other and further relief as may be appropriate.

Dated:   White Plains, New York
         October 15, 2013

                                        Yours, etc.

                                        JOSEPH A. MARIA, P.C.

                                        By:_____
                                              Joseph A. Maria, Esq.
                                        Attorneys for Plaintiff
                                        JAMES STEAD
                                        301 Old Tarrytown Road
                                        White Plains, New York 10603
                                        914-684-0333
                                        File No.: 01-2144


TO:   DETECTIVE PASQUALE DeBENEDICTIS
      Town of North Castle Police Department
      15 Bedford Road
      Armonk, NY 10504

      SERGEANT ROBERT BARNETT
      Town of North Castle Police Department
      15 Bedford Road
      Armonk, NY 10504

                                        10

P.O. DONALD AHRENBERG
Town of North Castle Police Department
15 Bedford Road
Armonk, NY 10504

Town Clerk
TOWN OF TOWN OF NORTH CASTLE
15 Bedford Road
Armonk, NY 10504

# EXHIBIT "A"

# MISDEMEANOR INFORMATION

## COPY

| | |
|---|---|
| D.D. No.: | 11-092 |
| Case Report No: | NC-CR-162-11 |
| Appearance Ticket: | |
| Arrest Number: | NC-AR-69-11 |
| Defendant in Custody from: | 11:02 July 21, 2011 | To |

Event No.: NC-EV-6450-11
Return Date:
Court Docket No.:

### NORTH CASTLE JUSTICE COURT

#### THE PEOPLE OF THE STATE OF NEW YORK
against

**D.O.B.:**
06/12/1943

JAMES F STEAD (68)
1620 HALL AVE
WHITE PLAINS, NY 10604-1832

STATE OF NEW YORK
COUNTY OF WESTCHESTER

DETECTIVE PASQUALE DE BENEDICTIS, Shield 19, being duly sworn, deposes and says that he/she is a member of NORTH CASTLE POLICE DEPARTMENT, County of WESTCHESTER, New York and that on the 6 day of July, 2011, at about 16:44 at 1649 HALL AVE WHITE PLAINS in the County of WESTCHESTER, New York.

**JAMES F STEAD**

**OFFENSE**
120.20 ()
Reckless
Endangerment-2nd Degree

**A**
**MISDEMEANOR**

AT THE TIME AND PLACE AFORESAID, THE DEFENDANT(S) DID VIOLATE SECTION 120.20 OF THE PENAL LAW OF THE STATE OF NEW YORK. A person is guilty of reckless endangerment in the second degree when he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person.

To Wit: On the aforesaid date, time and place, the defendant did throw a rock at the victim, Thomas Pacicca, while he was standing in the roadway (Hall Avenue) striking him in the leg which caused him to fall to the ground and hit his head on the pavement. The defendant then left the victim laying in the roadway while vehicular traffic was operating in the roadway and had to maneuver around the victim, all contrary to the provisions of the statute in such case made and provided.

This complaint is based on personal knowledge and information and belief, the source being, POLICE INVESTIGATION

**Prepared By**
DETECTIVE DE
BENEDICTIS, PASQUALE

Any false statements made herein are punishable as a Class A Misdemeanor pursuant to Section 210.45 of the Penal Law.

Subscribed and sworn to before me this
21 day of July, 2011
BRANT SAMMANN
Detective

PASQUALE DE BENEDICTIS
DETECTIVE

MISDEMEANOR INFORMATION

**COPY**

D.D. No.: 11-092

Case Report No: NC-CR-162-11

Appearance Ticket: _____

Arrest Number: NC-AR-69-11

Defendant in Custody from:   11:02 July 21, 2011   To _____

Event No.: NC-EV-6450-11

Return Date: _____

Court Docket No.: _____

### NORTH CASTLE JUSTICE COURT

### THE PEOPLE OF THE STATE OF NEW YORK
against

D.O.B.:
06/12/1943

JAMES F STEAD (68)

1620 HALL AVE

WHITE PLAINS, NY 10604-1832

STATE OF NEW YORK
COUNTY OF WESTCHESTER

DETECTIVE PASQUALE DE BENEDICTIS, Shield 19, being duly sworn, deposes and says that he/she is a member of NORTH CASTLE POLICE DEPARTMENT, County of WESTCHESTER, New York and that on the 6 day of July, 2011, at about 16:44 at 1649 HALL AVE WHITE PLAINS in the County of WESTCHESTER, New York.

JAMES F STEAD

OFFENSE
120.00 (02)
Assault 3rd Degree:
Recklessly Cause Physical
Injury

A
MISDEMEANOR

AT THE TIME AND PLACE AFORESAID, THE DEFENDANT(S) DID VIOLATE SECTION 120.00 SUBDIVISION 2 OF THE PENAL LAW OF THE STATE OF NEW YORK. A person is guilty of assault in the third degree when he recklessly causes physical injury to another person.

To Wit: On the aforesaid date, time and place, the defendant did throw a rock at the victim, Thomas Pacicca, while he was standing in the roadway (Hall Avenue) striking him in the leg which caused him to fall to the ground and hit his head on the pavement, all contrary to the provisions of the statute in such case made and provided.

Prepared By
DETECTIVE DE
BENEDICTIS, PASQUALE

This complaint is based on personal knowledge and information and belief, the source being, POLICE INVESTIGATION

Any false statements made herein are punishable as a Class A Misdemeanor pursuant to Section 210.45 of the Penal Law.

Subscribed and sworn to before me this
21 day of July, 2011

DET- _____ #18

BRANT SAMMANN
Detective

DET- _____ #19

PASQUALE DE BENEDICTIS
DETECTIVE

Index No. 67485/2013          Year 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

JAMES STEAD,

                    PLAINTIFF

        -against-

DETECTIVE PASQUALE DeBENEDICTIS, SERGEANT ROBERT BARNETT, P.O. DONALD
AHRENBERG and TOWN OF NORTH CASTLE,

                    DEFENDANTS.

## SUMMONS AND VERIFIED COMPLAINT

## JOSEPH A. MARIA, P.C.

Attorney(s) for Plaintiff JAMES STEAD
File No.: 01-2144(jc)

301 OLD TARRYTOWN ROAD
WHITE PLAINS, NEW YORK 10601
(914) 684-0333

Pursuant to 22 NYCRR 130-1.1. the undersigned, an attorney admitted to practice in the courts of New York
State, certified that, upon information and belief and reasonable inquiry, the contentions contained in the annexed
document are not frivolous.
Dated:.........................          Signature........................................................................
                                        Print Signer's Name.......................................................

Service of a copy of the within                                        is hereby admitted.
Dated:

                        ..........................................................................................
                        Attorney(s) for

PLEASE TAKE NOTICE

☐          that the within is a (certified) true copy of a
NOTICE OF   entered in the office of the clerk of the within name Court on                    , 2009
ENTRY

☐          that an Order of which the within is a true copy will be presented for settlement to the
NOTICE OF   Hon.
SETTLEMENT  at                          20          , at                          M.

Dated:

                                              JOSEPH A. MARIA, P.C.
                        Attorney(s) for
To:
                                              301 OLD TARRYTOWN ROAD
                                              WHITE PLAINS, NEW YORK 10603
                                              (914)  684-0333

Attorney(s) for